**ORIGINAL**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERICA BETTS, STEPHANIE LEWIS,
DARRIN WHITEHEAD, LAVEARN
THOMAS, DARRELL AMOUR and
NICOLA BARNES,

    Plaintiff,

vs.

COSTCO WHOLESALE CORPORATION
and PHIL SULLIVAN,

    Defendants.

JULIAN ABELE COOK

Case No. 02-73435

Removed from Wayne County Circuit
Court, Case No. 02-23943-CZ

MAGISTRATE JUDGE CARLSON

## NOTICE OF REMOVAL

Defendants, Costco Wholesale Corporation (Costco) and Phil Sullivan (Sullivan), pursuant to 28 U.S.C. §§ 1332, 1441 & 1446, file this Notice of Removal with respect to Case No. 02-23943-CZ, which has been filed in the Circuit Court for Wayne County, Michigan. In support of this Notice, defendants state:

1. On or about July 8, 2002, Plaintiffs Erica Betts, Stephanie Lewis, Darrin Whitehead, Lavearn Thomas, Darrel Amour and Nicola Barnes commenced a civil action against Costco and Sullivan in Wayne County Circuit Court (Case No. 02-23943-CZ). On July 27, 2002, Sullivan was served with a summons and a copy of the complaint by certified mail. On July 31, 2002, Costco was served with a summons and a copy of the complaint by certified mail. Copies of the summons and the complaint are attached behind Tab A.

2. Plaintiffs have brought two claims. Count I of the complaint is against Costco Wholesale Corporation and Phil Sullivan for race discrimination in violation of the Michigan Civil Rights Act (CRA), MCLA 37.2101 *et seq.* Count II of the complaint is against Costco for negligence under Michigan common law.

3. Title 28, Section 1332 provides that "the district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between (1) citizens of different States." 28 U.S.C. § 1332(a)(1).

4. Plaintiffs are all citizens of the State of Michigan (Compl. ¶¶ 1-6).

5. Costco is a Washington corporation with its principal place of business in Issaquah, Washington. Under 28 U.S.C. § 1332(c)(1), Costco thus is a citizen of the State of Washington.

6. Although Sullivan is a citizen of the State of Michigan, he is not a properly joined defendant as to Count I. On August 9, 2002, the Court of Appeals of Michigan issued its decision in *Jager* v. *Nationwide Truck Brokers, Inc.*, 2002 Mich. App. LEXIS 1197 (Aug. 9, 2002, Case Nos. 226007 and 228672) (attached behind Tab B), in which the Court revisited the issue of individual liability under the CRA and held that there is no individual liability under the CRA:

> Read as a whole, the CRA envisions, in our opinion, employer liability for the acts of its employees who have authority to act on the employer's behalf rather than individual liability for civil rights violations. Further, had our Legislature intended individual, rather than employer, liability under the CRA, it could have expressly stated so. Thus, we conclude that the CRA provides solely for employer liability, and an individual engaging in activity prohibited by the CRA may not be held individually liable for violating a plaintiff's civil rights.

*Jager,* 2002 Mich. App. LEXIS 1197 at *28. Sullivan thus cannot be liable as a matter of law, he is not a proper defendant, and his continued inclusion as a defendant in Count I may constitute fraudulent joinder. The Court thus should disregard Sullivan as a defendant for purposes of determining the propriety of exercising diversity jurisdiction and conclude that there is complete diversity among the parties as to Count I.

7.  In Count II of the complaint, plaintiffs claim that Costco owed them a duty, breached that duty and thus was negligent as to each of them in connection with its employment practices. Inasmuch as Count II does not allege any such duty or breach as to Sullivan, there is complete diversity among the parties as to Count II. In the alternative, the Court may exercise its supplemental jurisdiction over Count II, pursuant to 28 U.S.C. § 1367.

8.  Defendants in good faith believe that the amount in controversy as to each plaintiff in each count exceeds $75,000, exclusive of interest and costs, as required by 28 U.S.C. § 1332(a). In support their good faith belief that the amount in controversy exceeds $75,000, defendants rely on the allegations of the complaint, plaintiffs' prayer for relief, and their salaries and benefits at the time of their discharge.

9.  Plaintiffs each claim that as a result of defendants' alleged wrongful conduct in each count, they have "suffered damages, including humiliation, embarrassment, outrage, mental anguish, and anxiety, emotional distress, loss of self-esteem, loss of earnings, and other employment benefits and loss of capacity of the enjoyment of life" (Complaint at ¶¶ 6 68 & 74). Plaintiffs also allege that the amount in controversy as to each of them and as to both counts is "well in excess of $25,000" (complaint prayer for relief at pp. 8 & 9).

10. For the following reasons, as to both Count I and Count II the matter in controversy exceeds $75,000 exclusive of interest and costs in that (a) plaintiffs will ask a jury for compensatory damages for items "including humiliation, embarrassment, outrage, mental anguish, and anxiety, emotional distress, loss of self-esteem, . . . . and loss of capacity of the enjoyment of life (Compl. at ¶ 68); (b) each plaintiff will ask a jury to award them money for "loss of earnings and other employment benefits"; and (c) each plaintiffs also will seek an award of attorneys' fees, *Klepper v. First American Bank*, 916 F.2d 3317, 341 (6th Cir. 1990) (request

for attorneys' fees is properly included in determining the amount in controversy). Plaintiffs thus each seek an amount in excess of $75,000 as to both counts of the complaint.

11. Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." Under 28 U.S.C. § 102, this Court embraces Wayne County Circuit Court, Michigan. Accordingly, this Court is the appropriate Court to which remove this action. 28 U.S.C. § 1441(a).

12. The summons and complaint were served on Sullivan on July 29, 2002 and served on Costco on July 31, 2002. The Notice of Removal is filed with this Court within 30 days after receipt by Sullivan and thus is timely under 28 U.S.C. § 1446(b).

13. In all, because there exists diversity of citizenship under 28 U.S.C. § 1332(a)(1) and the amount in controversy exceeds $75,000, as required by 28 U.S.C. § 1332(a), both counts are within the original jurisdiction of this Court and are subject to removal under 28 U.S.C. § 1441(a).

WHEREFORE, Defendants Costco Wholesale Corporation and Phil Sullivan state that this action is properly removable and respectfully notify this Court, plaintiffs and the Wayne County Circuit Court that this action has been removed to the United States District Court, Eastern District of Michigan.

-5-

Respectfully submitted,

COSTCO WHOLESALE CORPORATION and PHIL SULLIVAN

By _____
   One of Their Attorneys

Theodore C. Stamatakos
Seyfarth Shaw
Attorneys for Defendants
55 East Monroe Street, Suite 4200
Chicago, Illinois 60603
312-346-8000 (telephone)
312-269-8869 (facsimile)

Gregory V. Murray (P29411)
VERCRUYSSE METZ & MURRAY, P.C.
Attorneys for Defendants
31780 Telegraph Road, Suite 200
Bingham Farms, Michigan 48025-3469
248-540-8019 (telephone)
248-540-8059 (facsimile)

August 26, 2002

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERICA BETTS, STEPHANIE LEWIS,
DARRIN WHITEHEAD, LAVEARN
THOMAS, DARRELL AMOUR and
NICOLA BARNES,

    Plaintiff,

vs.

COSTCO WHOLESALE CORPORATION
and PHIL SULLIVAN,

    Defendants.

_____/

Case No. **02-73435**

Removed from Wayne County Circuit Court, Case No. 02-23943-CZ

JULIAN ABELE COOK, JR.

MAGISTRATE JUDGE CARLSON

**PROOF OF SERVICE**

**STATE OF MICHIGAN** )
                            ) ss
**COUNTY OF OAKLAND** )

Lisa Palmer says that she is employed by the law firm of VERCRUYSSE METZ & MURRAY, attorneys for the Defendants, herein, and that on the 26th day of August, 2002, she deposited in the U.S. Mail, first-class postage pre-paid, a copy of Defendants' Notice of Filing of Notice of Removal from Wayne County Circuit Court to the United States District Court, and Proof of Service upon:

    Daniel G. Romano (P49117)
    The Thurswell Law Firm
    1000 Town Center, Suite 500
    Southfield, MI 48075

and caused same to be Hand Delivered to Wayne County Circuit Court.

                                                  _____
                                                  Lisa Palmer

| STATE OF MICHIGAN THIRD CIRCUIT COURT | | CASE NO. |
|---|---|---|
|  | **SUMMONS AND RETURN OF SERVICE** | |

| COURT ADDRESS: 2 WOODWARD AVENUE, DETROIT, MICHIGAN 48226 | COURT TELEPHONE NO. (313) 224- |
|---|---|

THIS CASE ASSIGNED TO JUDGE: WILLIAM J GIOVAN    Bar Number: 14620

| PLAINTIFF | DEFENDANT |
|---|---|
| POTTS ERICA    PL 01 VS | COSTCO WHOLESALE CORPORATION    DF 001 |

**PLAINTIFF'S ATTORNEY**

DANIEL G. ROMANO
(P-49112)
1000 TOWN CTR STE 500
SOUTHFIELD, MI 48075-1221
248-354-2222

| CASE FILING FEE | JURY FEE |
|---|---|
| PAID | PAID |

| ISSUED | THIS SUMMONS EXPIRES | DEPUTY COUNTY CLERK |
|---|---|---|
| 07/11/02 | 10/10/02 | BRENDA REESE |

*This summons is invalid unless served on or before its expiration date.    Cathy M. Garrett – Wayne County Clerk

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. YOU HAVE 21 DAYS after receiving this summons to file an answer with the court and serve a copy on the other party or to take other lawful action (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

☐ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint
☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in _____ Court.
☐ There is no other pending or resolved action within the jurisdiction of the family division of circuit court involving the family or family members of the parties.
☐ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in _____ Court.

The docket number and assigned judge of the civil/domestic relations action are:

| Docket no. | Judge | Bar no. |
|---|---|---|
| | | |

The action ☐ remains ☐ is no longer pending.
I declare that the complaint information above and attached is true to the best of my information, knowledge, and belief.

Date _____    Signature of attorney/plaintiff _____

**COMPLAINT IS STATED ON ATTACHED PAGES. EXHIBITS ARE ATTACHED IF REQUIRED BY COURT RULE.**
If you require special accommodations to use the court because of disabilities, please contact the court immediately to make arrangements

FORM NO. WC101
REV. (3-98)    MC 01 (10/97)    **SUMMONS AND RETURN OF SERVICE**    MCR 2.102(B)(11), MCR 2.104, MCR 2.107, MCR 2.113(C)(2)(a), (b), MCR 3.206
DEFENDANT

JURY FEE PAID
CATHY THIS DATE:
WAYNE COUNTY CLERK
JUL 11 2002

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

ERICA BETTS, STEPHANIE LEWIS,
DARRIN WHITEHEAD, LAVEARN THOMAS,
DARREL AMOUR and NICOLA BARNES,

    Plaintiffs,

Case No: 02-            CZ
Hon:

-vs-

COSTCO WHOLESALE CORPORATION
A Michigan Corporation, and
PHIL SULLIVAN,

    Defendants.
_____/

THE THURSWELL LAW FIRM
DANIEL G. ROMANO P 49117
Attorneys for Plaintiff
1000 Town Center, Suite 500
Southfield, Michigan 48075
(248) 354-2222
_____/

THURSWELL, CHAYET & WEINER
Attorneys at Law
1000 TOWN CENTER
SUITE 500
Southfield, Michigan 48075-1221
(248) 848-0000

*There is no other pending or resolved civil action arising out of the transaction or occurrence alleged in the Complaint*

## COMPLAINT AND JURY DEMAND

NOW COME the Plaintiffs, ERICA BETTS, STEPHANIE LEWIS, DARRIN WHITEHEAD, LAVEARN THOMAS, DARREL AMOUR, and NICOLA BARNES, by and through their attorneys, THE THURSWELL LAW FIRM and complaining against the above-named Defendants, their agents, servants and/or employees, either real or ostensible, respectfully represent unto this Honorable Court as follows:

-1-

## COUNT I

**Violation of Elliott Larson Civil Rights Act: Racial Discrimination**

1. Plaintiff, Erica Betts, is an individual residing in the City of Dearborn Heights, County of Wayne, State of Michigan.

2. Plaintiff, Stephanie Lewis, is an individual residing in the City of Inkster, County of Wayne, State of Michigan.

3. Plaintiff, Darrin Whitehead, is an individual residing in the City of Inkster, County of Wayne, State of Michigan.

4. Plaintiff, Lavearn Thomas, is an individual residing in the City of Detroit, County of Wayne, State of Michigan.

5. Plaintiff, Darrel Amour, is an individual residing in the City of Westland, County of Wayne, State of Michigan.

6. Plaintiff, Nicola Barnes, is an individual residing in the City of Detroit, County of Wayne, State of Michigan.

7. Upon information and belief Defendant, Phil Sullivan, is a resident of the County of Wayne, State of Michigan.

8. Defendant, Costco Wholesale Corporation is doing business and in the County of Wayne, State of Michigan with its Resident Agent of the Corporation Company, 30600 Telegraph Road, Bingham Farms, Michigan 48025.

9. Defendant, Phil Sullivan is and was at all times pertinent hereto the General Manager of the Livonia, Michigan Costco Wholesale Store.

10. That Defendant, Costco Wholesale Corporation, operated under the name Costco Warehouse, located at 13700 Middlebelt Avenue, Livonia Michigan.

11. That Plaintiff, Erica Betts began working for Defendant Costco in April of 1998.

12. That Plaintiff, Stephanie Lewis began working for Defendant Costco in October of 1999.

THURSWELL, CHAYET & WEINER
Attorneys at Law
1000 TOWN CENTER
SUITE 500
Southfield, Michigan 48075-1221
(248) 948-0000

-2-

13. That Plaintiff, Darrin Whitehead, began working for Defendant Costco on April 28, 1998.

14. That Plaintiff Lavearn Thomas began working for Defendant Costco in April of 1998.

15. That Plaintiff Darrel Amour began working for Defendant Costco in April of 1998.

16. That Plaintiff Nicola Barnes began working for Defendant Costco on October 19, 1999.

17. That Plaintiff Erica Betts is an African American female.

18. That Plaintiff Stephanie Lewis is an African American female.

19. That Plaintiff Darrin Whitehead is an African American male.

20. That Plaintiff Lavearn Thomas is an African American female.

21. That Plaintiff Darrel Amour is an African American male.

22. That Plaintiff Nicola Barnes is an African American female.

23. That all Plaintiffs were terminated on January 28, 2002.

24. That the conduct of Defendant, Phil Sullivan and Defendant Costco Warehouse Corporation was discriminatory under the Elliott Larson Act, specifically under MCL 37.2202.

25. That each of the Plaintiffs had worked for Costco for a number of years without incident.

26. That Plaintiffs had been promoted, received raises, and glowing performance evaluations throughout their tenure with Costco until June of 2001.

27. That in June of 2001, Defendant Phil Sullivan, was transferred to the Canton store.

28. That immediately after Phil Sullivan's transfer to the Canton store there began a pattern and practice of racial discrimination against African American employees.

29. That specific incidents of discrimination continued after Phil Sullivan's arrival at the Canton store.

THURSWELL, CHAYET & WEINER
Attorneys at Law
1000 TOWN CENTER
SUITE 500
Southfield, Michigan 48075-1221
(248) 948-0000

-3-

THURSWELL, CHAYET & WEINER
Attorneys at Law
1000 TOWN CENTER
SUITE 500
Southfield, Michigan 48075-1221
(248) 948-0000

30. That Defendant, Phil Sullivan said to Darrel Amour and to other employees, "There are too many black people on the check stands, I feel like I am working on a plantation".

31. That Defendant, Phil Sullivan told his managers, including the following managers, Darren Schaefer, David Pierce, and James Valdez to "hire more white women with big breast".

32. That Defendant, Phil Sullivan began a pattern of disparate treatment including unequal enforcement of company policies to prejudice African American employees including Erica Betts, Stephanie Lewis, Darrin Whitehead, Lavearn Thomas, Darrel Amour, Nicola Barnes, and other African American employees including Wanda Meeks, Sonya Clair, and Janet Davis.

33. That specifically those employees were given "counseling notices" for everything from their shirt not being tucked in to their name badges being off.

34. That Defendant, Phil Sullivan would try to strictly enforce every aspect of the handbook, including dress code, scheduling, return items, overages, and every other nit picky rule that was possible to enforce against the African American employees to their determenı and would not enforce these rules as to Caucasian employees.

35. That Defendant, Phil Sullivan would say to Darrel Amour that Nicola Barnes "has a nice ass, but she needs some bigger breasts to make her look better".

36. That several African American employees had been "written up" and given "counseling notices" for not punching in or out for lunch or shift; however Caucasian employees, which include the following, Sean McDaniel, Mathew Lambert, Dan Lambert, Jason Necces, Debbie Byrd, Virginia and Sue Carson did the same thing and nothing happened to these employees.

37. That Defendant, Phil Sullivan would work 3 to 5 hours on his full time shift days and leave for personal errands such as paying bills, taking his car to the shop for repairs, shop for a motorcycle, and pick up motorcycle parts.

38. That Defendant, Phil Sullivan would instruct employees of Costco on company

-4-

time to move items that he purchased from Costco to his personal condo after he had marked them down.

39. That Defendant, Phil Sullivan got paid for 40 hours a week and that Phil Sullivan did not work a 40-hour workweek.

40. That Defendant, Phil Sullivan would not come in on his days off.

41. That Defendant, Phil Sullivan did not work a full day despite being scheduled for a full day.

42. That Defendant, Phil Sullivan would write times in that he was not there.

43. That Defendant, Phil Sullivan forced African American employees who had medical problems to exercise the Family Medical Leave Act rights, but Caucasian employees with more medical difficulties were allowed to change jobs to accommodate their medical problems.

44. That African American employees were disciplined for "bringing items" across the check stands if they had not paid for them. However, Defendant, Phil Sullivan and other Caucasian employees would keep several items in the office for days without first paying for them.

45. That Defendant, Phil Sullivan would treat Caucasian customers with greater respect and deference than he would an African American employee.

46. That Defendant, Phil Sullivan would treat African American customers with disrespect and suspicion.

47. That several instances of despaired treatment have been documented specifically Erica Betts was terminated for a "counseling notice" and several white employees had more "counseling notices" were not terminated.

48. That Kevin Finney, a white man and Donte' Williams, an African American man, were disciplined for similar behavior; however, the African American employee was terminated and the white employee was given a higher paying job.

49. That a disagreement between Erica Betts, an African American female employee

-5-

and Janet Davis, a white employee was resolved with the African American employee Erica Betts, being demoted and Janet Davis not being disciplined.

50. That there are other instances of disparate treatment, which have been documented and will be documented throughout the pendiency of this litigation.

51. That it is clear that since Defendant, Phil Sullivan has taken over as General Manager of the Costco store that he has perpetuated a pattern and practice of disparate treatment of African American employees which Defendant Costco has accepted.

52. That in fact Defendant Costco Wholesale Corporation, has supported and/or acquiesced in Defendant, Phil Sullivan's disparate treatment of African American employees.

53. That Defendant, Phil Sullivan has created a hostile work environment by his obvious discriminatory treatment of African American employees.

54. That Defendant, Phil Sullivan has repeated a pattern and practice of favorably promoting non African American employees at the expense of African American employees.

55. That Defendant, Phil Sullivan has repeatedly enforced rules and regulations in a disparate way towards African American employees. Further, Defendant, Phil Sullivan has reassigned African American employees because he feels that they should not be on the front end, but rather in more menial job duties because of their race.

56. That in June 2001, Defendant, Phil Sullivan with the encouragement, support, and acceptance of Defendant, Costco Wholesale Corporation, began a course of conduct, which repeatedly and continuously subjected the Plaintiffs to:

    a. Racial Discrimination;

    b. Disparate treatment; and

    c. Wrongful termination.

57. That in such conduct by Defendant, Phil Sullivan and Defendant Costco Wholesale Corporation, was discriminatory under the Elliott Larson Act specifically under MCL 37.2202.

-6-

THURSWELL, CHAYET & WEINER
Attorneys at Law
1000 TOWN CENTER
SUITE 500
Southfield, Michigan 48075-1221
(248) 948-0000

THURSWELL, CHAYET & WEINER
Attorneys at Law
1000 TOWN CENTER
SUITE 500
Southfield, Michigan 48075-1221
(248) 948-0000

58.     That from their employment with Defendant through their termination with Defendant on January 28, 2002, the Plaintiffs worked diligently with no cause to Defendants to terminate any of the Plaintiffs.

59.     That on January 28, 2002, Plaintiffs Erica Betts, Stephanie Lewis, Darrin Defendants terminated Whitehead, Lavearn Thomas, Darrel Amour, and Nicola Barnes.

60.     That all Plaintiffs are of African American decent.

61.     That white employees replaced all six of the Plaintiffs.

62.     That Plaintiffs were disparately and unfairly treated solely because of their race.

63.     That Plaintiffs were fired not for any business reason but solely because they are African American.

64.     That the reasons given by Defendant, Phil Sullivan and Costco Wholesale Company, for termination of the Plaintiffs only pretectal for Caucasian employees replaced all six African American employees.

65.     That Defendant, Phil Sullivan is attempting to cure his perceived defect was at the Costco store in Canton, Michigan, i.e. as Defendant Sullivan stated, "it was like working on a plantation".

66.     That Defendant, Phil Sullivan has attempted to change the atmosphere of Costco so that he does not have to interact with African American employees.

67.     That Defendant, Phil Sullivan is a classic BIGOT and he created a hostile work environment for African Americans and was not satisfied until he terminated many of the African American employees.

68.     That because of the statutory violations by Defendants herein and as a proximate

-7-

result thereof, Plaintiffs have suffered damages including humiliation, embarrassment, outrage, mental anguish, and anxiety, emotional distress, loss of self-esteem, loss of earnings, and other employment benefits and loss of capacity of the enjoyment of life.

WHEREFORE, Plaintiffs, Erica Betts, Stephanie Lewis, Darrin Whitehead, Lavearn Thomas, Darrel Amour, and Nicola Barnes, respectfully ask that that this Honorable Court enter judgment in favor of each Plaintiff and against the Defendants in whatever amount in excess of Twenty-Five Thousand ($25,000.00) Dollars per Plaintiff, that they are found to be entitled after a trial on the merits, together with interest, costs and attorney's fees as provided by statute. Further, Plaintiff states that this amount of $25,000.00 is only a jurisdictional allegation for each individual Plaintiff's damages are well in excess of $25,000.00.

Plaintiff further prays that the jury award costs, attorney fees, and interest as provided by statute.

## COUNT II

69. Plaintiffs re-allege and incorporate by reference all of the paragraphs of Counts I as though fully set forth herein.

70. That Defendant, Costco Wholesale Corporation owed a duty to Plaintiffs to properly oversee and direct it's employees including Phil Sullivan.

71. That Defendant, Costco Wholesale Corporation further owed duties to Plaintiffs to adequately advise its employees and supervise to refrain from discriminatory conduct based on race.

72. That Defendant, Costco Wholesale Corporation did breach and violate each of the aforementioned duties, which it owed to Plaintiff by reason of the following negligent acts, intentional acts, omissions, racially insensitive acts and omissions as follows:

    a.    Negligent failure to supervisor persons who would be capable of being competent and law-abiding supervisors, and with particular reference to enforcing laws against racial

THURSWELL, CHAYET & WEINER
Attorneys at Law
1000 TOWN CENTER
SUITE 500
Southfield, Michigan 48075-1221
(248) 948-0000

-8-

discrimination, and employment discrimination;

b. Negligent hiring giving supervisory authority to persons who were known to have propensities as would make them unfit to serve in the capacity of supervisor over African American employees;

c. Negligent failure to properly educate and train it's employees and supervisors with particular reference to the unlawfulness of racial discrimination, and employment;

d. Negligently failing to properly warn or advise it's employees and supervisors to refrain from making racial comments and taking unlawful discriminatory action against employees;

73. That as a direct and proximate result of the negligence of Defendants corporately and in individually, Plaintiffs were made the subject/victim of racial discrimination in employment.

74. Because of the negligent conduct of the Defendants' herein, as a proximate result thereof, Plaintiffs have suffered damages including humiliation, embarrassment, outrage, mental anguish and anxiety, emotional distress, loss of self-esteem, loss of earnings, and other employment benefits and loss of capacity for the enjoyment of life.

WHEREFORE, Plaintiffs, Erica Betts, Stephanie Lewis, Darrin Whitehead, Lavearn Thomas, Darrel Amour, and Nicola Barnes, respectfully ask that that this Honorable Court enter judgment in favor of each Plaintiff and against the Defendants in whatever amount in excess of Twenty-Five Thousand ($25,000.00) Dollars per Plaintiff, that they are found to be entitled after a trial on the merits, together with interest, costs and attorney's fees as provided by statute. Further, Plaintiff states that this amount of $25,000.00 is only a jurisdictional allegation for each individual Plaintiff's damages are well in excess of $25,000.00.

THURSWELL, CHAYET & WEINER
Attorneys at Law
1000 TOWN CENTER
SUITE 500
Southfield, Michigan 48075-1221
(248) 948-9000

-9-

Plaintiff further prays that the jury award costs, attorney fees, and interest as provided by statute.

THE THURSWELL LAW FIRM

By: _____
DANIEL G. ROMANO P 49117
For the Plaintiff
1000 Town Center, Suite 500
Southfield, Michigan 48075
(248) 354-2222

Dated: July 8, 2002

## DEMAND FOR JURY

NOW COME the Plaintiffs, Erica Betts, Stephanie Lewis, Darrin Whitehead, Lavearn Thomas, Darrel Amour, and Nicola Barnes by and through their attorneys, THE THURSWELL LAW FIRM, and hereby demands a trial by jury of the within cause.

THE THURSWELL LAW FIRM

By: _____
DANIEL G. ROMANO (P-49117)
Attorney for Plaintiff

Date: July 8, 2002

THURSWELL, CHAYET & WEINER
Attorneys at Law
1000 TOWN CENTER
SUITE 500
Southfield, Michigan 48075-1221
(248) 948-0300

-10-

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

# SEE CASE FILE FOR ADDITIONAL DOCUMENTS OR PAGES THAT WERE NOT SCANNED