UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERICA BETTS, STEPHANIE LEWIS, DARRIN
WHITEHEAD, LAVEARN THOMAS, DARREL
AMOUR and NICOLA BARNES,

          Plaintiff,

v.

COSTCO WHOLESALE CORPORATION,

          Defendant.

Case number 02-73435
Honorable Julian Abele Cook, Jr.

## ORDER

The Plaintiffs[1] in this matter have collectively charged the Defendant, Costco Wholesale Corporation ("Costco"), with having maintained a hostile work environment and subjecting each of them to other unlawful acts of racial discrimination during their periods of employment. They further contend that race was a factor in the decision by Costco to terminate them from their jobs. A jury trial was commenced on June 27, 2006. Following the completion of the Plaintiffs' case-in-chief on July 18, 2006, Costco filed a motion for a judgment as a matter of law pursuant to Fed. R. Civ. P. 50(a). At the same time, Costco orally moved for the entry of a judgment as a matter of law, as prescribed by Fed. R. Civ. P. 50(b). On July 26, 2006, the Court denied Costco's Rule 50(a) motion after concluding that "there [was] a legally sufficient evidentiary basis for this case to be submitted to the jury, given the discrepancies in the

---

[1] The Plaintiffs in this cause are Erica Betts, Stephanie Lewis, Darrin Whitehead, Lavearn Thomas, Darrel Amour, and Nicola Barnes.

testimonies presented and the genuine issues of a material fact which exist[ed] in this case." Five days later, the Court declared a mistrial following declarations by the jury that they had been unable to reach unanimity on any of the contested issues in this controversy. On the same day, the Court orally denied Costco's Rule 50(b) motion.

These Rules 50 motions by Costco have raised two issues; namely, (1) whether each Plaintiff experienced a severe and pervasive hostile work environment because of their race; and (2) if each Plaintiff gave reasonable notice of their hostile work environment claim to Costco, as required by the Elliot Larsen Civil Rights Act of Michigan (Mich. Comp. Laws § 37.2202 (2006)). Costco has now asked this Court to certify these two issues for an interlocutory appeal to the Court of Appeals for the Sixth Circuit.

For the reasons that have been set forth below, Costco's request for relief is denied.

I.

A district court judge may certify an issue for interlocutory appeal which "involves a controlling question of law as to which there is substantial ground for difference of opinion[,]" and where "an immediate appeal from the order may materially advance the ultimate termination of the litigation[.]" 28 U.S.C. § 1292(b). However, an appellate review should be granted sparingly, and only in exceptional cases. *Vitols v. Citizens Banking Co.,* 984 F.2d 168, 170 (6th Cir. 1993). In order for an issue to be considered "controlling," the matter under consideration should have the potential of having a material effect on the outcome of the case. *In re Baker & Getty Fin. Servs. v. Nat'l Union Fire Ins. Co.,* 954 F.2d 1169, 1172 (6th Cir. 1992).

II.

Costco alleges that the question as to whether any of the Plaintiffs suffered a level of harassment that was sufficiently severe and pervasive is a controlling issue of law. According to Costco, none of the Plaintiffs satisfied their respective burdens of proof relating to the hostile work environment claims.[2] In order to establish a hostile work environment claim, an aggrieved

---

[2] The claim of the Plaintiff, Stephanie Lewis, is based on hearing comments by the warehouse manager, Philip Sullivan ("Sullivan"), who allegedly asserted that (1) the warehouse reminded him of a plantation, (2) another Plaintiff, Erica Betts, was a "black widow spider," and (3) he would not hire anyone "that black and ugly if it were up to [him]."

The claim of the Plaintiff, Erica Betts, is premised on (1) Sullivan directing her to "act like a human being," (2) information from other employees who told her of Sullivan's "black widow spider" and "plantation" comments, and (3) Sullivan's claimed desire to "hire more white women with big breasts."

The claim of the Plaintiff, Darrin Whitehead, is founded on (1) hearing Sullivan proclaim that "people run this place [i.e., Costco warehouse] like a plantation," and the Plaintiff, Nicola Barnes, would have had a better job placement with the Company if "she had a chest that matched the size of her behind," and (2) a comment that was directed to him by Sullivan that "black people understand your language better."

The claim of the Plaintiff, Lavearn Thomas, is founded on (1) hearing Sullivan tell Erica Betts to "act like a human being," and that she "got under his skin," (2) hearing Sullivan indicate that Costco should hire "more white women with big breasts," and (3) hearing Sullivan state that the Company warehouse reminded him of a plantation.

The claim of the Plaintiff, Nicola Barnes, is based upon (1) learning from other employees that Sullivan had declared that the Costco warehouse reminded him of a plantation, and (2) hearing Sullivan assert that the Company should "hire more white women with big breasts."

The claim of the Plaintiff, Darrel Amour, is premised on (1) comments to him by Sullivan who allegedly asserted that the Costco warehouse looked like a plantation and that he wanted to hire more white women with big breasts, and (2) assertions by an assistant warehouse manager, Darrin Schaeffer, who continually called him "Phil's house boy," "Phil's boy," or "Phil's bitch."

party must demonstrate that (1) he/she was a member of a protected class; (2) he/she was subjected to unwelcome racial harassment; (3) the harassment was based on race; (4) the harassment had the effect of unreasonably interfering with his/her work performance by creating an intimidating, hostile or offensive work environment; and (5) the existence of employer liability. *Newman v. Fed. Express Corp.,* 266 F.3d 401, 405 (6th Cir. 2001). In determining whether a hostile work environment existed, a trial court is urged to examine the totality of the circumstances and to consider the severity, as well as the frequency, of the alleged discriminatory conduct. *Id.* Traditionally, simple teasing, and isolated non-serious incidents have not been considered to be discriminatory. *Id.*

In support of its current request for relief, Costco submits that those incidents which underlie the Plaintiffs' claims do not amount to a hostile work environment because the alleged misconduct was neither severe nor pervasive. Additionally, Costco argues that an aggrieved party must establish that the defendant failed to take prompt remedial action after being notified of the offending conduct. *Chambers v. Trettco, Inc.* 463 Mich. 297, 318-19 (2000). However, actual notice is not required. *Elezovic v. Ford Motor Co.,* 472 Mich. 408, 426-27 (2005). Instead, the test is whether an employer knew, or should have known, of the harassment. *Id.* If an employee failed to complain to higher management, the claim can proceed if it can be demonstrated that the employer had constructive notice of the "pervasiveness of the harassment, which [gave] rise to inference of knowledge or constructive knowledge." *Perez v. Ford Motor Company & Daniel P. Benette,* 2006 Mich. App. LEXIS 1807, 5 (Mich. Ct. App. 2006).

According to Costco, each Plaintiff received a copy of the Company's "Employee Agreement" which delineated a comprehensive harassment reporting procedure. However,

Costco complains that Lewis, Whitehead, Barnes, and Thomas never informed anyone within the corporate management structure that they were being harassed.  Costco further submits that Amour reported Schaeffer's comments to his supervisor, but failed to forward Sullivan's derogatory statements to the Company's upper management. Finally,  Costco contends that Betts, despite being aware of the Company's "open door" policy,  admitted that she had neglected to complain to the Regional Vice President, Richard Webb, about the alleged racially discriminatory conduct at the warehouse.

The Plaintiffs collectively oppose this motion, asserting that Costco has not raised any controlling issues of law which must  be resolved by the appellate court at this time, and an immediate appeal of the contested  issues would not materially advance an ultimate resolution of this lawsuit.  It is the view of the Plaintiffs that their claims for racial discrimination and the maintenance of a hostile work environment by Costco are necessarily intertwined, and therefore, Sullivan's derogatory comments are indicative of a pervasive racially discriminatory atmosphere at the Costco warehouse. They also argue that Costco's contention (to wit,  that there are controlling issues of law which should be immediately addressed by the Court of Appeals for the Sixth Circuit)  is misplaced because the basis for their position arises from fact-specific testimony by each Plaintiff. Therefore, the Plaintiffs submit that neither time, money nor judicial resources will be conserved if Costco's request for a certificate of appealability is granted because the same number of witnesses will likely be called upon to testify in the remaining racial discrimination claim.

III.

A careful examination of the record clearly suggest that Costco's claims do not warrant

a review by the Sixth Circuit Court of Appeals at this time. Indeed, this Petitioner has neither advanced any new evidence in support of its certification for interlocutory appeal nor submitted any novel positions or arguments that have not been previously addressed and resolved by this Court.

The Court agrees with the Plaintiffs, all of whom argue that the issues which have been proffered by Costco are fact intensive and are not issues of law. Thus, a resolution of the Plaintiffs' hostile work environment claims will not have any material affect on the outcome of the case because the issues relating to their racial discrimination claim are still pending before this Court. It is also significant to note that the trial in this case ended with a declaration by the jury that they had been unable to achieve unanimity on any of the issues in controversy, including those matters which Costco seeks to have reviewed by the Sixth Circuit Court of Appeals. Accordingly, Costco's motion for certification of issues for interlocutory appeal must be, and is, denied.

IT IS SO ORDERED.


Dated: October 12, 2006                s/ Julian Abele Cook, Jr.
       Detroit, Michigan               JULIAN ABELE COOK, JR.
                                       United States District Court Judge


Certificate of Service

I hereby certify that on October 12, 2006, I electronically filed the foregoing with the Clerk of the Court using the ECF system, and I further certify that I mailed a copy to the non-ECF participant(s).

                                       s/ Kay Alford
                                       Courtroom Deputy Clerk