UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERICA BETTS, STEPHANIE LEWIS, DARRIN
WHITEHEAD, LAVEARN THOMAS, DARREL
AMOUR and NICOLA BARNES,

        Plaintiff,

Case number 02-73435
Honorable Julian Abele Cook, Jr.

v.

COSTCO WHOLESALE CORPORATION,

        Defendant.

ORDER

In this case, the Plaintiffs[1] have alleged that the Defendant and former employer, Costco Wholesale Corporation ("Costco"), maintained a hostile work environment during their tenure of employment with the company and, in doing so, exercised unlawful acts of racial discrimination against each of them. A jury trial was commenced on June 27, 2006. However, on July 31, 2006, a mistrial was declared by the Court when the jury collectively expressed its inability to reach a unanimous verdict on any of the issues in controversy. The jury selection process for the second trial is scheduled to commence on March 20, 2007, with the presentation of opening statements by the parties to follow two days later.

On March 14, 2007, the Plaintiffs filed a motion in which they requested the Court to compel Barbara Wade Sullivan ("Sullivan")[2] to submit to a video deposition for use during the

---

[1] The Plaintiffs in this cause are Erica Betts, Stephanie Lewis, Darrin Whitehead, Lavearn Thomas, Darrel Amour, and Nicola Barnes.

[2] The Court has been advised by the Plaintiffs that they are seeking to have a subpoena issued by the United States District Court in Reno, Nevada.

trial.³ Contemporaneously with the filing of this application for relief by the Plaintiffs, Costco filed a motion, seeking to obtain the entry of a protective order that would relieve Sullivan from having to appear at the proposed video deposition on March 24, 2007.⁴

I.

In support of their request for relief, the Plaintiffs maintain that (1) Sullivan, who is a resident of Reno, Nevada, was given preferential treatment during her employment with Costco in Michigan by her then boyfriend (and now husband), Philip Sullivan,⁵ (2) these two persons were involved in an inappropriate liaison at all times that are relevant to this motion, contrary to a then-existing company policy, (3) the management team at Costco has denied having any knowledge of this alleged romantic relationship, (4) she was the staff person who was primarily responsible for the investigations into the activities of the Plaintiffs, and (5) the basic investigatory procedure that was employed by Costco in an ostensible effort to determine if its personnel policies had been violated were substantively less intense and invasive as it applied to Sullivan than that which was utilized by the company against the Plaintiffs. Thus, it is the Plaintiffs' viewpoint that a second video deposition of Sullivan is necessary in order to obtain additional information relating to the five matters which have been outlined above.

Costco objects, relying upon Fed. R.Civ. 30(a)(2)(B)⁶ and Fed. R. Civ. P. 26(b)(2)© to

---

³Discovery in this case began in October of 2002, and ended in January of 2005. A video deposition was taken of Sullivan on March 5, 2004 and published to the jury during the first trial.

⁴ Although the parties seek different forms of relief in their respective motions, the underlying subject (i.e., the availability of Sullivan for a projected video deposition) is identical. Hence, the Court will evaluate and resolve both motions in this order.

⁵ Philip Sullivan was identified during the first trial as the manager of the warehouse where all of the alleged infractions, about which the Plaintiffs have complained, occurred.

⁶ Fed. R. Civ. P. 30(a)(2)(B) reads as follows:

support its opposition.[7]  Costco asserts that the Plaintiffs have failed to request a leave from the Court in order to conduct a second deposition of Sullivan. Moreover, Costco submits that, even if the Plaintiffs had complied with the Federal Rules of Civil Procedure, their request for relief would have been, and is, untimely, in that (1) it was filed only one week prior to the commencement of the second trial, and (2) the suggested date for the video deposition of Sullivan is March 24, 2007 - four days after the jury selection process is slated to begin (March 20th), and two days after the parties will be given an opportunity to present their opening statements to the jury (March 22nd).

III.

The Court agrees with Costco.  A careful evaluation of the record reveals that the Plaintiffs have failed to request authority from the Court in order to conduct a second deposition of Sullivan. Fed. R. Civ. P. 30(a)(2)(B).  However, even if the Plaintiffs' motion to compel is correctly construed as a formal request to seek leave from the Court, they have nonetheless failed to persuade the Court that their quest for additional information from this witness is vital and not redundant. The issues, which they have advanced to support their need for additional discovery, are not new

---

A party must obtain leave of court, which shall be granted to the extent consistent with the principles stated in rule 26(b)(2), if the person to be examined . . . already has been deposed in the case.

[7]Fed. R. Civ. P. 26(b)(2)© read as follows:

The frequency or extent of use of the discovery methods otherwise permitted under these rules and by any local rule shall be limited by the court if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

to this case. In fact, they appear to be merely reassertions of the same facts that were presented to the jury during the first trial. Moreover, there is neither any proof nor even an assertion by the Plaintiffs that the information from Sullivan would constitute evidence that was newly discovered or could not have been obtained under reasonable circumstances.

Finally, the Plaintiffs' request comes at the "eleventh hour" in this case. The parties have been fully aware of the date of the second trial since October 4, 2006. As such, all of them have had an ample amount of time in which to obtain additional information that would assist them to advance their cause in this litigation. Thus, in waiting until one week prior to the commencement of trial to seek authority from the Court to conduct another deposition of an ostensibly important witness is unacceptable. Although the Plaintiffs contend that they will enure severe prejudice if their request is denied, it is clear to this Court that this request for relief should have been made in a timely manner. Conversely, if this motion is granted, the Court believes that Costco would suffer substantial amount of prejudice to its detriment.

Accordingly, the Plaintiffs' motion to compel must be, and is, denied, and Costco's request for a protective order must be, and is, granted.

IT IS SO ORDERED.

Dated: <u>March 16, 2007</u>             <u>s/ Julian Abele Cook, Jr.</u>
      Detroit, Michigan             JULIAN ABELE COOK, JR.
                                            United States District Court Judge

Certificate of Service

I hereby certify that on March 16, 2007, I electronically filed the foregoing with the Clerk

of the Court using the ECF system, and I further certify that I mailed a copy to the non-ECF participant(s).

s/ Kay Alford

Courtroom Deputy Clerk