UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERICA BETTS, STEPHANIE LEWIS, DARRIN WHITEHEAD, LAVEARN THOMAS, DARREL AMOUR and NICOLA BARNES,

        Plaintiff,

v.

COSTCO WHOLESALE CORPORATION,

        Defendant.

Case number 02-73435
Honorable Julian Abele Cook, Jr.

## ORDER
(Regarding 50(b) issue only)

This lawsuit was initiated by the Plaintiffs,[1] all of whom accused their former employer, Costco Wholesale Corporation, of maintaining a hostile work environment and actively employing unlawful acts of racial discrimination against them. On July 31, 2006, the Court was compelled to declare a mistrial at the end of a six week trial when it became evident that the jury had been unable to reach unanimity on any of the issues in controversy. A second jury trial, which began on March 23, 2007, ended with a unanimous verdict on April 25, 2007.[2]

---

[1] The Plaintiffs in this cause are Erica Betts, Stephanie Lewis, Darrin Whitehead, Lavearn Thomas, Darrel Amour, and Nicola Barnes.

[2] The jury returned verdicts in favor of three Plaintiffs (to wit, Thomas, Lewis, and Amour) who had made hostile work environment claims against Costco. However, the remaining three Plaintiffs (to wit, Betts, Whitehead and Barnes), who had advanced similar hostile work environment claims, were unsuccessful in their endeavors on this issue. The jury also returned verdicts in favor of Costco against all of the Plaintiffs on their racial discrimination claims.

On May 11, 2007, Costco, relying upon the provisions within Fed. R. Civ. P. 50(b)[3] and Fed. R. Civ. P. 59(e)[4], filed a motion in which it renewed its request for the entry of a judgment as a matter of law.[5] This motion was directed to the racial harassment claims by the Plaintiffs (to wit, Thomas, Lewis, and Amour), as well as to the claims of emotional distress that had been raised by the Plaintiffs (to wit, Lewis and Thomas). In making these requests, Costco has asked the Court to vacate the three judgments that had been entered in favor of the Plaintiffs to whom the jury had rendered favorable verdicts. It is the position of Costco that the evidence, which was presented to the jury during the trial, had failed to support a finding of racial harassment or an entitlement of damages for emotional distress.

I.

When evaluating a case that is based upon the diversity jurisdiction of a federal court, the standard of review of the state in which this Court sits must be applied when it considers a Rule 50(b) motion. *Morales v. American Honda Motor Co., Inc.*, 151 F.3d 500, 506 (6th Cir. 1998). The entry of a judgment as a matter of law must be granted only if, after viewing all of the evidence in

---

[3]

Fed. R. Civ. P. 50(b) reads, in pertinent part :
If the court does not grant a motion for judgment as a matter of law made under subdivision (a), the court is considered to have submitted the action to the jury subject to the court's later deciding the legal questions raised by the motion. The movant may renew its request for judgment as a matter of law by filing a motion no later than 10 days after the entry of judgment or--if the motion addresses a jury issue not decided by a verdict--no later than 10 days after the jury was discharged. . . .

[4]

Inasmuch as a hearing to evaluate the Rule 59(e) issues has been scheduled for August 2, 2007, the Court will decline to address the parties' positions on those matters at this time.

[5]

The Court has previously addressed and denied Costco's earlier motion for the entry of a judgment as a matter of law pursuant to Fed. R. Civ. P. 50(a).

a light that is most favorable to the opposing party, reasonable minds could not differ on any question of material fact. *Caldwell v. Fox*, 394 Mich. 401, 407 (1985).

In support of its motion, Costco argues that the judgments in favor of the three Plaintiffs, who were the recipients of the awards, should be vacated because none of them provided the jury with a sufficient quantity or quality of evidence in support of their respective claims for being subjected to a racially-charged hostile work environment. In Costco's view, reasonable minds could not differ as to whether the evidence supported the jury's award of damages to these Plaintiffs. Moreover, Costco asserts that the Plaintiffs failed to meet their burdens of demonstrating that their former employer had the requisite notice of the alleged discriminatory behavior. The Plaintiffs challenge the accuracy of these allegations by submitting that an ample quantity and quality of evidence was submitted to the jury, all of which was sufficient to support the verdict.

After a careful review of the entire record, and following an examination of the evidence in a light that is most favorable to the Plaintiffs, the Court believes that reasonable minds could - and did - differ on a vast number of genuine issues of material facts. In rendering this opinion, the Court concludes that the jury received a sufficiency of evidence upon which to base its award to the three Plaintiffs (to wit, Thomas, Lewis, and Amour). As such, the Court must - and does - decline to grant Costco's motion. Thus, the judgments, which have been challenged by Costco, shall remain without modification.

II.

For the reasons that have been stated, Costco's motion for the entry of a judgment as a matter of law pursuant to Fed. R. Civ. P. 50(b) must be, and is, denied.

IT IS SO ORDERED.

Dated:  July 24, 2007                                s/ Julian Abele Cook, Jr.
        Detroit, Michigan                            JULIAN ABELE COOK, JR.
                                                     United States District Court Judge

Certificate of Service

    I hereby certify that on July 24, 2007, I electronically filed the foregoing with the Clerk of the Court using the ECF system, and I further certify that I mailed a copy to the non-ECF participant(s).

                                                     s/ Kay Alford
                                                     Courtroom Deputy Clerk