UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERICA BETTS, STEPHANIE LEWIS, DARRIN
WHITEHEAD, LAVEARN THOMAS, DARREL
AMOUR and NICOLA BARNES,

               Plaintiffs,

v.

COSTCO WHOLESALE CORPORATION,

               Defendant.

Case number 02-73435
Honorable Julian Abele Cook, Jr.

ORDER

This is a case in which the Plaintiffs[1] have alleged that the Defendant, Costco Wholesale Corporation ("Costco"), violated their civil rights when it knowingly maintained a hostile work environment and discriminated against them for reasons of race. As the result of a trial which began on March 23, 2007, the jury found in favor of the Plaintiffs (Thomas, Lewis, and Amour) in connection with their hostile work environment claims.[2] In rendering its decision, the jury awarded (1)$4,640.00 to Lewis for her lost wages and $15,000 for her emotional distress, (2) $9,320.13 to Amour for his lost wages, and (3)$4,507.00 to Thomas for her lost wages and $10,000 for her emotional distress. On May 11, 2007, Costco filed a motion to vacate these three awards

---

[1] The Plaintiffs in this lawsuit are Erica Betts, Stephanie Lewis, Darrin Whitehead, Lavearn Thomas, Darrel Amour, and Nicola Barnes.

[2] The jury also determined that the Plaintiffs (Betts, Whitehead and Thomas) had not proven their hostile work environment claims against Costco. In addition, the jury returned "no cause of action" verdicts which reflected their unanimous view that the Plaintiffs' racial discrimination/wrongful termination claims against Costco were without merit..

for loss of wages, citing Fed. R. Civ. P. 59(e).[3]  This motion is now before the Court for its consideration.

## II.

In 1990, the Sixth Circuit Court of Appeals declared that a jury verdict should not be amended or altered if it is a decision that could reasonably be based on the evidence that was presented during the trial. *Portage II v. Bryant Petroleum Corp.*, 899 F.2d 1514, 1524 (6th Cir. 1990). In order to grant a motion that has been made pursuant to Fed. R. Civ. P. 59(e)[4], there must be "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Henderson v. Walled Lake Consol. Schools*, 469 F.3d 479, 496 (6th Cir. 2006). The Elliot Larson Civil Rights Act of Michigan, Mich. Comp. Laws §37.2101 et seq. ("ELCRA"), permits the recovery of those "damages for injury or loss caused by each violation of [the] act."[5] Mich. Comp. Laws § 37.2801. Claims for damages that are made under the ELCRA may include a loss of wages. *Schafke v. Chrysler Corp.* 147 Mich. App. 751, 754 (1985). However, such damages must "flow from the violation [of the ELCRA]. . . ." *Id*. Specifically, the claimed damages must have been proximately caused by the misconduct

---

[3] In the same motion, Costco renewed its previous motion for the entry of a judgment as a matter of law pursuant to Fed. R. Civ. P. 50(b). On July 24, 2007, the Court denied Costco's request for relief. However, the Court refrained from rendering a decision regarding the Rule 59(e) motion by Costco and, instead, conducted a hearing on the issue on August 2, 2007.

[4] Fed. R. Civ. P. 59(e) reads as follows:
Motion to Alter or Amend Judgment. Any motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment.

[5] Mich. Comp. Laws § 37.2801 states, in pertinent part:
(1) A person alleging a violation of this act may bring a civil action for appropriate injunctive relief or damages, or both.
. . . .
(3) As used in subsection (1), "damages" means damages for injury or loss caused by each violation of this act, including reasonable attorney's fees.

of the tortfeasor. *Buckner v. Franco, Inc.,* 1999 U.S. App. LEXIS 7369, 13 (6th Cir. 1999). Furthermore, "a plaintiff who was not entitled to the employment in the first place cannot claim economic damages for the loss of it." *Grow v. W.A. Thomas Co.*, 236 Mich. App. 696, 710 (1999).

Other circuits have also addressed the question as to when damage allegations for the loss of wages are appropriate in Title VII discrimination claims. These courts have opined that a showing of constructive discharge by the aggrieved party is necessary in order to support a jury verdict of damages which flow from a loss of wages claim. *See Spencer v. Wal-Mart Stores, Inc.*, 469 F.3d 311, 317 (3rd Cir. 2006) (hostile work environment claim alone in absence of successful constructive discharge claim is insufficient to support back pay award); *Gotthardt v. Nat'l R.R. Passenger Corp.*, 191 F.3d 1148, 1158-59 (9th Cir. 1999) (back pay damages are inappropriate for sexual harassment claim); Hertzberg *v. SRAM Corp.*, 261 F.3d 651, 659 (7th Cir. 2001) (reversing award of back pay due to non existence of discriminatory discharge); *Mallinson-Montauge v. Pocrnick*, 224 F.3d 1224, 1236 (10th Cir. 2000) (back pay damages are not appropriate for harassment because such award is available only upon showing of constructive discharge).

In relying upon Fed. R. Civ. P. 59(e), Costco seeks to have the Court amend the jury verdict which pertains to the three Plaintiffs' loss of wage claims, contending that these awards are incorrect as a matter of law. Costco, in making this argument, submits that Lewis, Amour and Thomas are not entitled to such an award because their claims of racial discrimination - like those of the remaining Plaintiffs - were rejected by the jury. In essence, Costco maintains that the verdict in its favor on this issue is clear evidence that there was legal justification for its decision to terminate the Plaintiffs' employment. Furthermore, Costco submits that a damages award which is tied to a loss of wages claim can only result from an unlawful discharge.

In response, the Plaintiffs disagree and point out that their claims were brought pursuant to the ELCRA - and not to Title VII. They also assert that since the provisions within the ELCRA make no distinction between a hostile work environment and discrimination claims, any violation of the Act permits the award of loss of wage damages.

In its evaluation of Costco' motion, the Court concludes that damages, which are based on a loss of wage claim, do not naturally flow from a hostile work environment claim. In this case, a loss of wage award is not the natural consequence of the Plaintiffs' hostile work environment claims, in that the jury determined that Costco did not racially discriminate against them. Therefore, inasmuch as it was the judgment of the jury that Lewis, Amour and Thomas had been lawfully discharged, the Court must, and does, conclude that race was not a factor in Costco's decision to terminate them. The Court also notes that there were no allegations by the Plaintiffs that they missed work as a result of the hostile work environment at the Costco warehouse. Since there is no evidence that the Plaintiffs missed time from work, it is illogical to conclude that they can recover for lost wages.

Consequently, it would be erroneous for the Court to permit these three Plaintiffs to recover lost wages when their termination was deemed lawful. Since they were not wrongfully terminated, Costco has correctly identified a clear error of law in the jury's award for lost wages. Accordingly, the jury award must be amended immediately to exclude the award of lost of wages to Lewis, Amour and Thomas.

## IV.

For the reasons stated above, the Costco's motion to amend the verdict must be, and is, granted.

IT IS SO ORDERED.

Dated:  August 13, 2007              s/ Julian Abele Cook, JR.
        Detroit, Michigan            JULIAN ABELE COOK, JR.
                                     United States District Court Judge

Certificate of Service

      I hereby certify that on August 13, 2007, I electronically filed the foregoing with the Clerk of the Court using the ECF system, and I further certify that I mailed a copy to the non-ECF participant(s).

                                     s/ Kay Alford
                                     Courtroom Deputy Clerk