UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERICA BETTS, STEPHANIE LEWIS, DARRIN
WHITEHEAD, LAVEARN THOMAS, DARREL
AMOUR and NICOLA BARNES,

        Plaintiffs,

v.

Case No. 02-73435
Honorable Julian Abele Cook, Jr.

COSTCO WHOLESALE CORPORATION,

        Defendant.

## ORDER

This is a case in which the Plaintiffs[1] have alleged that the Defendant, Costco Wholesale Corporation, violated their civil rights by knowingly maintaining a hostile work environment and discriminating against them because of their race. As the result of a trial which began on March 22, 2007, the jury found in favor of three Plaintiffs (Thomas, Lewis, and Amour) in connection with their hostile environment claims, but against all of the Plaintiffs on their claims that they had been terminated because of their race.[2] Following the rendition of the verdict, the Defendant filed a motion for reconsideration, in which it challenged the jury's award of lost wages to Thomas, Lewis,

---

[1] The Plaintiffs in this matter are Erica Betts, Stephanie Lewis, Darrin Whitehead, Lavearn Thomas, Darrel Amour, and Nicola Barnes.

[2] The jury also determined that three of the Plaintiffs (Betts, Whitehead, and Barnes) had not proven their hostile work environment claims against the Defendant. In addition, the jury returned "no cause of action" verdicts which reflected its unanimous view that all of the Plaintiffs' racial discrimination/ wrongful termination claims were without merit.

and Amour. In its motion, the Defendant argued that an assessment of lost wages was inappropriate because the jury did not find that the Plaintiffs had been wrongfully discharged. Hence, they argued that, under governing case law, lost wages do not naturally flow from a hostile work environment claim. The Court agreed and granted the Defendant's motion for reconsideration, and in so doing, struck down the lost wages awards to the three Plaintiffs in its order of August 13, 2007.

Several days later (August 22, 2007), the Plaintiffs filed a motion for reconsideration, in which they collectively contested the conclusions by the Court in its August 13, 2007 order. The Defendant, after seeking and receiving leave from the Court to file a response pursuant to E.D. Mich. L.R. 7.1(g)(2),[3] filed a timely response on September 10th which reflected its opposition to the Plaintiff's request for relief.

In evaluating the Plaintiffs' motion for reconsideration, the Court is guided by E.D. Mich. L.R. 7.1(g)(3), which states the following:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

In their motion for reconsideration, the Plaintiffs contend that the Court "reweighed" the evidence in this case, after a determination was made by the jury, and "came to conclusions that were not rationally based upon the reasonableness of the jury's decision." They further noted that evidence was presented by them to the jury that "racial harassment . . . resulted in unlawful

---

[3]E.D. Mich. L.R. 7.1(g)(2) states that "[n]o response to the motion and no oral argument are permitted unless the court orders otherwise."

termination" and that it would be reasonable for a jury to find that [the Defendant's] actions ". . . proximately caused Plaintiffs [*sic*] discharge when they awarded loss damages." However, this argument misstates the findings by the jury.[4] In this case, the jury found in favor of the Defendant, and, thus, rejected all of the Plaintiffs' claims of racial discrimination. Contrary to the Plaintiffs' contentions, the Court did not "reweigh" the evidence or "undermine the jury's verdict" in its order of August 13th. Rather the Court set aside the lost wages awards to the Plaintiffs which should not have been awarded because there was never any finding of a wrongful discharge.

E.D. Mich. L.R. 7.1(g)(3) states in part that the Court " . . . will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court . . . " The Plaintiffs' motion has not raised any new issues that have not already been decided by the Court. While the Plaintiffs repeatedly maintain that they were "unlawfully discharged," this allegation - without more - does not make it so. The jury found otherwise. The Plaintiffs have not presented any plausible arguments as to why they should be awarded lost wages even though the jury found that their discharges were not unlawful. The Plaintiffs have also failed to demonstrate a "palpable defect" within the challenged order on this issue. Thus, they have collectively failed to satisfy the burden as required E.D. Mich. L.R. 7.1(g)(3).

For all of the reasons stated above, the Court must, and does, deny the Plaintiffs' motion for reconsideration. Furthermore, the Court directs the parties to refile their bills of costs (Nos. 227 and 246) within a period of fourteen (14) days hereafter. The Plaintiffs also must refile their "motion for attorney fees, costs and interest" within the same period of time, as delineated above.

---

[4]In another section of their motion, the Plaintiffs write, "The jury heard testimony of Plaintiffs, wherein each of them described the hostile work environment claims, which resulted in their unlawful termination. Defendant's [*sic*] argued that Plaintiffs were lawfully terminated, but the jury decided otherwise and awarded loss wages." This, also, directly misstates the jury's finding. The jury found that the six plaintiffs were not unlawfully discharged.

(No. 228). The Defendant's motion for leave to file an amended bill of costs and to amend its responses to the Plaintiff's bill of costs is dismissed for reasons of mootness. (No. 257). Finally, the Clerk of the Court is directed to strike the following motions from the docket: Nos. 227, 228, 246, and 257.

IT IS SO ORDERED.

Dated: January 9, 2008             s/ Julian Abele Cook, Jr.
      Detroit, Michigan             JULIAN ABELE COOK, JR.
                                         United States District Court Judge

Certificate of Service

I hereby certify that on January 9, 2008, I electronically filed the foregoing with the Clerk of the Court using the ECF system, and I further certify that I mailed a copy to the non-ECF participant(s).

                                                       s/ Kay Alford
                                                       Courtroom Deputy Clerk